IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID D. EVERIST,

    Plaintiff,

v.

UNITED STATES DEPT. OF
AGRICULTURE, et al.

    Defendants.

Case No. 1:14-cv-0199-CL

**REPORT AND
RECOMMENDATION**

CLARKE, Magistrate Judge.

On February 6, 2014, David D. Everist ("Plaintiff") filed a *pro se* complaint (#2) which appears to allege violations of his rights under Fifth Amendment of the United States Constitution and violations of the Federal Land Policy Management Act. Plaintiff also filed an application to proceed *in forma pauperis* (#1). For the reasons stated below, the court recommends dismissal of both Plaintiff's complaint and the application to proceed *in forma pauperis*.[1]

---

[1] The Court may authorize the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). A review of the application indicates Plaintiff is unable to afford the fees of this action. However, because Plaintiff's complaint should be dismissed, his application to proceed *in forma pauperis* is moot.

## LEGAL STANDARDS

A district court has the power to dismiss a complaint when a plaintiff fails to comply with Federal Rules of Civil Procedure 8(a). *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981). Pursuant to Fed. R. Civ. P. 8(a), a complaint shall include "(1) a short and plain statement of the grounds for the court's jurisdiction ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also Nevijel,* 651 F.2d at 674.

## DISCUSSION

The complaint before the court does not meet the minimal pleading requirements of the federal rules. While Plaintiff makes reference to his Fifth Amendment rights under the Takings Clause, the court is unable to otherwise ascertain the nature of Plaintiff's claims or the relief he seeks. Thus, in order to proceed with this action, Plaintiff should be granted leave to file an amended complaint within 30 days. Plaintiff is advised of the requirements of Fed. R. Civ. P. 8(a), *supra*.

## RECOMMENDATION

Plaintiff should be allowed 30 days from the date of this order to file an amended complaint consistent with the pleading standards set forth above. Plaintiff is advised that failure to file an amended complaint consistent with the terms of this order will result in the dismissal of

this action for failure to prosecute. Plaintiff's complaint should be dismissed, and his application to proceed *in forma pauperis* should be dismissed as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. **Objections to this Report and Recommendation, if any, are due no later than fourteen (14) days from today's date. If objections are filed, any response is due fourteen (14) days from the date of the objections.** *See* Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 6th day of February, 2014.

Mark D. Clarke

United States Magistrate Judge